**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **In re:** ) | | Case No: 20-30632-KRH |
| **Frederick Dewon Cooper** ) | | |
| ) | | Chapter 13 |
| **Debtor.** ) | | |
| ) | | |
| ) | | |
| **Frederick Dewon Cooper** ) | | Adversary Pro. |
| ) | | |
| ) | | |
| **Plaintiff.** ) | | |
| v. ) | | |
| ) | | |
| **April A. Zeidan** ) | | |
| **Defendant.** ) | | |
| ) | | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFER**
**AND MOTION FOR TURNOVER**

COMES NOW, the Plaintiff, FREDERICK DEWON COOPER ("Debtor and/or Cooper"), the Debtor in possession, acting pursuant to the concurrent powers of the Chapter 13 Trustee, Carl M. Bates, by counsel, and for their Complaint state as follows:

**JURISDICTION**

1.  This action arises under §§ 522(h), 541, 542, 547, 548, 550(a), 551 and 1306 of the Bankruptcy Code. This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. Section 1303, and 28 U.S.C. § 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

Kimberly A. Chandler, VSB# 47897
**CHANDLER LAW FIRM**
P.O. Box 17586
Richmond, VA 23226
Office: (804) 353-1971

2.     On February 6, 2010, (the "Petition Date"), Plainiff voluntarily filed his petition in this Court for relief under Chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Code").

3.     Carl M. Bates was appointed Chapter 13 Trustee for Debtor's bankruptcy estate ("Trustee") and continues to serve in that capacity.

## **FACTS**

4.     Among the Plaintiff's scheduled assets are several horses to which the Plaintiff has in interest in upon the date of filing, including Plaintiff's yearling horse Marley aka Spontaneous Decisions ("Marley") which seized pursuant a Writ of Fieri Facias in Detinue ("Writ of Fi Fe Detinue") issued on February 4, 2020.

5.     On or about January 28, 2020, April A. Zeidan, Creditor, herein after ("Creditor" or "Zeidan") obtained a default judgment against Plaintiff pursuant to a Warrant in Debt under Code of Virginia §§ 8.01-470, 8.01-472, for a sum certain of $1,212.00, and costs of $61.00, and interest of 6% in the Hanover General District Court ("HGDC").

6.     Thereafter Plaintiff's yearling horse Marley aka Spontaneous Decisions ("Marley") was seized pursuant a Writ of Fieri Facias in Detinue erroneously issued through her then counsel Jason Michael Breneman, Esquire herein after ("Breneman"), on or about February 4, 2020, the legality of the procedure followed by Breneman is the matter of other proceeding before the Court given the Writ of Fi Fe Detinue did not follow the judgement.  Namely, Zeidan did not file a Warrant in Detinue Pursuant to Code of Virginia §§ 16.1-79, 8.01-114, 8.01-121, nor did they file any pleading with the

Court asserting any ownership interest in Marley, that arose to meet the procedural requirements and given notice thereof to Plaintiff that Ziedan was seeking a Warrant for possession of Marley.

7.    Upon information and belief Cooper at no time was aware of the pre-liminary hearing in HGDC and he further had no knowledge that Zeidan asserted any interest in his yearling horse Marley, though he had recently been reminded that Zeidan was seeking further payments for a personal loan he had obtained from her in 2014.

8.    Upon information and belief Zeidan did not file or cause to be filed a report of satisfaction as to the HGDC Judgment for Case No. GVGV19004495-00, upon the date of the bankruptcy filing notwithstanding the seizure of Marley.  Further, public records available as of February 14, 2020, obtained by Plaintiff purportedly show no subsequent filing of the same, nor evidence of an executed sheriff's sale.  See attached Exhibit 1 and Exhibit 2.

9.    Upon information and belief upon the date of the petition, the state court appeal deadline had not run, nor had Zeidan or her counsel serve Plaintiff with the applicable state law exemptions available to Plaintiff.  Thus, significant procedural deficiencies existed upon the date of fling and remain uncured as to the redemption requirement which Plaintiff is entitled.  One of those procedural safeguards provides Plaintiff the option of payment in full of the Warrant in Debt.

10.    Upon information and belief Zeidan, being present upon the seizure, categorically refused payment in full by Plaintiff, stating "no I don't want the money any more…I want the horse because I know it will hurt you more."  Both Zeidan and her Counsel, who was also present, was advised by Plaintiff that he believed the horse was worth at

minimum $10,000.00 an amount far exceeding the debt and that he was filing a bankruptcy case with Chandler Law Firm, which present counsel confirmed to all present.

11. Despite said notice of the value of the property to Creditor and Counsel and Plaintiff's intent to file, Plaintiff was never provided with a notice of auction nor clarify what the process was in regard to the return of the animal.

12. Since the date of the bankruptcy petition numerous demands have been made on Zeidan and Breneman, by present counsel, for return of the horse to no avail. Either Creditor has refused to return the horse or Breneman has neglected his duties to inform his client of prevailing law in this regard, resulting in and necessitating in the proceedings herein.

### AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO §547

13. The execution of the Writ of Fi Fe Detinue constitutes: (a) a transfer of the Debtor's Property; (b) to a creditor of the Debtor; (c) on account of an antecedent debt; (d) made while the Debtor was insolvent; (e) within 90 days of the Petition Date that; (f) enables the Zeidan to receive more than Creditor would receive if the Writ of Fi Fe Detinue had not been executed, and it were to receive payment of such debt only to the extent provided under the Bankruptcy Code. 15.

14. The seizure within 90 days of the Petition Date constitutes a preferential transfer of an interest in Plaintiff's Property that is voidable by the Chapter 13 Trustee as a preference under 11 U.S.C. § 547 and recoverable under § 550.

15. Plaintiff further, avers that the failure to follow the procedural safeguards of Virginia law and the corresponding erroneously filed Writ of Fi Fe Detinue, was and is

void or voidable as to creating any secured interest in Plaintiff's horse Marley for the purposes of these proceedings and the therefore renders any good-faith argument that Creditor perfected any secured interest obtained via the Writ of Fi Fe Detinue speculative at best from the onset of Creditors unlawful possession of Marley.

### **RECOVERY OF PROPERTY UNDER 11 U.S.C. § 550**

16. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

17. As alleged above, Plaintiff is entitled to avoid the Pre-Petition Transfers under 11 U.S.C. §§ 547 and/or 548, respectively.

18. Defendant is the initial transferee of the Pre-Petition Transfer or the entity for whose benefit the Pre-Petition Transfer was made, or an immediate or mediate transferee of such initial transferee of the Pre-Petition Transfer,

19. The Plaintiff is entitled to recover for the estate the proceeds or value of the Pre-Petition Transfers under 11 U.S.C. § 550.

20. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 in that the proceeds or value of the Pre-Petition Transfer is recovered for the benefit of the estate.

### **TO PRESERVE PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 551**

21. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

22. The Pre-Petition Transfer is property of the estate of the Debtor.

23. Each of the Pre-Petition Transfers, or the value thereof, should be preserved for the benefit of the Debtor's estate pursuant to § 551 of the Bankruptcy Code.

## MOTION FOR TURNOVER OF PROPERTY PURSUANT TO §§ 541, 542 AND 1306

24. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

25. Certain of Plaintiff's exempt property, which is property of the estate as defined by 11 U.S.C. § 541, to wit, the yearling horse, Marley in which he has an interest, was taken by the Defendant. The Defendant has refused to return the horse upon receipt of the notice of bankruptcy filing as required by 11 U.S.C. § 542.

26. Plaintiff's counsel has sent Defendant's counsel, Breneman, written notice of the filing via email and first-class mail and has called and left messages regarding the filing and requested that Defendant return the vehicle to the Plaintiff.

27. The Trustee has not acted to recover this exempt property of the Plaintiff's.

28. Under 11 U.S.C. § 1306, the Plaintiff is entitled to possession of all property of the estate.

29. The Defendant is listed as a general unsecured creditor in the Plaintiff's Schedule F of his bankruptcy petition.

30. Nonetheless, defendant has refused to turn over the property as required by 11 U.S.C. § 542.

WHEREFORE, the Plaintiff, acting pursuant to the concurrent powers of the Chapter 13 Trustee, prays for judgment for Plaintiff and against the Defendant costs of suit incurred herein, including, without limitation, attorneys' fees; Determining that the Pre-Petition Transfer is avoidable as a preferential transfer under Section 547 of the

Bankruptcy Code, or alternatively, that the Pre-Petition Transfer is avoidable under Section 548 of the Bankruptcy Code, and that Plaintiff is entitled to recover the Pre-Petition Transfer under Section 550 of the Bankruptcy Code; Preserving the Pre-Petition Transfer for the benefit of the estate; that the Court Order the Defendant forthwith to turn over the Debtor's horse to the Debtor; find that the Defendant is in contempt of Court for violating 11 U.S.C. §§ 362 and 542; pursuant to 11 U.S.C. §§ 105(a) and 362(h) damages, reasonable attorneys' fees, costs, and punitive damages for this complaint and Order such other and further relief as may be just and proper.

Respectfully submitted,

**Frederick Dewon Cooper**

By Counsel

/s/ Kimberly A. Chandler
Kimberly A. Chandler, VSB# 47897
**Chandler Law Firm**
P.O. Box 17586
Richmond, VA 23226
Phone (804) 353-1971
Fax (480) 393-5764

Counsel for Frederick Dewon Cooper